Filed 2/19/26  P. v. Soto CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085168 |
| v. | (Super.Ct.No. INF1600632) |
| JOSE INOCENCIO SOTO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Stephen J. Gallon, Judge.  Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

In this *Anders/Wende*[1] matter, defendant and appellant Jose Inocencio Soto appeals from the trial court's entry of judgment following a jury verdict convicting him of three felony counts of sexually abusing his girlfriend's daughter. The jury found defendant committed aggravated oral copulation of a child younger than 14 years old (Pen. Code,[2] § 269, subd. (a)(4); count 1;), aggravated sexual penetration of a child under the age of 14 (§ 269, subd. (a)(5); count 2), and forcible lewd conduct against a child under age 14 (§ 288, subd. (b)(1); count 3). The jury found two factors in aggravation true as to each count: the victim was particularly vulnerable, and defendant took advantage of a position of trust to commit the crimes. (Cal. Rules of Court, rule 4.421(a)(3) & (a)(11).)

In December 2024, the trial court sentenced defendant, who was 56 years old at the time, to concurrent indeterminate life terms on counts 1 and 2, with no parole eligibility on either count for 15 years. The court sentenced defendant to the upper term of 10 years on count 3, subject to a stay under section 654, and found defendant's presentence custody credits totaled 1,032 days. Our independent *Anders* and *Wende* review on appeal discloses no issues of arguable merit on which to request briefing by the parties. (See *People v. Johnson* (1981) 123 Cal.App.3d 106, 109 ["an arguable issue" requires "a reasonable potential for success" on appeal].) We therefore affirm the judgment.

---

[1] *Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.

[2] All further references are to the Penal Code unless otherwise indicated.

**BACKGROUND**

Jane Doe (Minor) was born in June 2003. In 2016, she and her mother, L.A. (Mother), lived in an apartment in Coachella; Mother had recently begun dating defendant.

Minor did not trust defendant and usually had a ride to school, but not on February 19, 2016. Defendant spent the previous night at the apartment and agreed to take Minor to school because Mother had to leave early for work. Minor testified regarding how defendant abused her that morning, including that he approached her on the couch where she was dressed and waiting to depart, he sat down next to her unexpectedly, and she froze with fear as he first "squished" his hand "between his body and [hers]," and subsequently engaged in forceful lewd acts that included digital penetration and oral copulation. Minor did not answer Mother's daily morning call to her cellphone to wake her at 6:20 a.m., and Mother's ensuing calls to Minor's and defendant's phones went unanswered.

When Minor finally answered Mother's call, Mother could tell from Minor's tone of voice that something was different. At some point, defendant returned to the room and then drove Minor to her school. There, when a friend inquired why she was crying, Minor told her she had been assaulted. Minor's tears were uncontrollable. She gathered herself for her physical education class, but was reluctant to change into her gym clothes, fearing that others would be able to see she had been abused. At her friend's urging, Minor told the gym teacher that defendant had touched her inappropriately. The teacher contacted the police, the school contacted Mother, a forensic interview was conducted,

3

and Minor underwent a sexual assault examination in which male DNA specimens were recovered from her face, neck, and genital area.

Defendant ignored Mother's telephone calls. Mother eventually confronted defendant at a restaurant, but he denied any wrongdoing. Defendant disappeared, declining a new work opportunity with his brother. Police investigators tried to reach defendant through his brother, to no avail.

In 2023, investigators obtained a sample of defendant's DNA. Defendant's DNA profile matched those recovered on swabs of Minor's genital area and her face.

## APPEAL AND REVIEW

Following the verdict, sentencing, and entry of judgment, defendant appealed. This court appointed appellate counsel. Counsel's review of the record and legal research uncovered no arguable issues to raise on appeal, including after consultation with Appellate Defenders, Inc. In reaching that conclusion, counsel noted several issues for our potential reconsideration in our independent review: (1) did the trial court err when it permitted one forensic nurse to testify regarding a forensic examination—including DNA results—conducted by another nurse; (2) did the court err in failing to instruct on lesser included offenses under the accusatory pleading test; (3) did the court err in overruling a hearsay objections; and (4) if erroneous, did any of these ruling prejudice defendant?

Having independently reviewed the record for potential error, we are satisfied defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER_____
                                             J.

We concur:

RAMIREZ_____
                    P. J.

CODRINGTON_____
                    J.

5